Michael DEMERS, a Minor By and Through his parent and next friend, John DEMERS, Plaintiffs,

v.

LEOMINSTER SCHOOL DEPART-MENT, Dr. Joseph Rappa, in his capacity as Superintendent of Schools, Judith Mulkern, in her capacity as Principal of Northwest School, and Susan Hitchcock, in her capacity as Pupil Personnel Director, Defendants.

No. Civ.A. 00–40082–NMG.

United States District Court, D. Massachusetts.

May 25, 2000.

John A. Bosk, Jr., Fitchburg, MA, for Michael Demers, John Demers.

Regina Williams Tate, Murphy, Hesse, Toomey and Lehane, Quincy, MA, for Joseph Rappa, Judith P. Mulkern, Susan Hitchcock.

## MEMORANDUM & ORDER

GORTON, District Judge.

This cases arises from the exclusion of Michael Demers from Northwest School in Leominster, Massachusetts for, *inter alia,* drawing threatening pictures.

Pending before this Court is plaintiff's motion for a preliminary injunction (Dock-

et No. 2) directing defendants to (1) re-admit him into his regular class program at Northwest School, (2) refrain from violating his First Amendment rights, (3) refrain from requiring him to meet with a psychiatrist as a condition to his continued school enrollment and (4) refrain from punishing him for having exercised his Due Process rights by filing the present action.

Defendants have filed a cross motion for a preliminary injunction (Docket No. 15) ordering that (1) plaintiff be excluded from Northwest School and (2) plaintiff's parents participate in the intake process for the three identified special education programs to address the plaintiff's behavioral and therapeutic needs.[1]

## I.  Background

Plaintiff Michael Demers is a 15 year-old eighth grade student at Northwest School in Leominster, Massachusetts ("the School"). He has been classified as a special needs student pursuant to M.G.L. c. 71B.

On April 5, 2000, Michael was talking during his English class. The teacher told him to stop and when he persisted she asked him to leave the class. Michael left her classroom and went next door to his math teacher's classroom. After Michael informed his math teacher that he had been ordered to leave the classroom next door, he was told to draw a picture showing how he felt about being kicked out of class. Michael made a pencil drawing of the school surrounded by explosives and the Superintendent of the School with a

gun at his head. He gave the drawing to the math teacher who, in turn, delivered it to the Principal's office. Nothing more was said about the drawing that day.

On April 7, Michael was called to the Principal's office and confronted with the drawing. Michael explained that it was an assignment and that he was only expressing his feelings. The Principal told Michael that he was suspended until a meeting could be held on April 11 to discuss his situation and that he was to report to Susan Hitchcock, the Student Personnel Director.

When Michael met with the Personnel Director, she told him that if he were "cleared" by a psychiatrist and got "medication", he could remain in school. Michael did not attend school for the remainder of Friday, April 7 or Monday, April 10.

On April 11, a meeting was held among Michael, his father, the Principal, the Personnel Director and members of his special education team ("a TEAM meeting"). Michael was allowed to remain in school on the condition that he receive a psychiatric evaluation. School authorities were under the impression that Michael's parents had scheduled a psychiatric evaluation for April 24.[2] Michael attended school for the remainder of that week. The following week was school vacation.

On April 25, Michael's father informed the Principal that he was unable to get Michael to the psychiatric evaluation. The Principal notified him that Michael could not, therefore, remain in school because he had failed to meet the condition of having a psychiatric evaluation.[3]

---

1.  Although the parties titled their pleadings motions for temporary restraining orders, they served their motions on each other and, consequently, both parties appeared at the hearing on the cross motions. Thus, this Court treats them as motions for preliminary injunctions.

2.  The record is unclear as to whether Michael ever intended to see a psychiatrist. According to defendants, Michael's father indicated at the April 11 meeting that Michael was scheduled for a psychiatric evaluation. The

complaint indicates, however, that Michael refused to see a psychiatrist.

3.  It is unclear from the record whether Michael attended school between April 24 and May 1. Although the Principal told Michael's father on April 25 that Michael could not remain in school, in her letter to the parents dated May 1, she informs them that he is excluded from the School "beginning today." In the father's affidavit, dated May 15, he stated that Michael had been out of school for

On May 1, the Principal held an emergency TEAM meeting, attended by Michael and his father, which resulted in the decision that Michael should be excluded from school for the remainder of the school year (meaning through June 19) because he posed a safety risk to himself and others. That day, the Principal sent a letter to the Superintendent of the Leominster Schools and to Michael's parents informing them that Michael was excluded for the remainder of the school year and that alternative special services would be provided. Michael's father alleges that when he inquired about the law requiring Michael to attend school, he was told that he could arrange for home schooling.

On May 6, Michael's counsel sent a letter to the Superintendent requesting an immediate appeal of the exclusion. Counsel was referred to the Personnel Director who told him that there would be no hearing and that the School Department was required only to provide Michael with an alternative education plan. The Personnel Director later called plaintiff's parents and offered to place him in an alternative school.

On May 16, Michael Demers, through his father John Demers, filed an action in this Court alleging violations of his state and federal constitutional rights pursuant to 42 U.S.C. § 1983 and state law, requesting temporary and permanent injunctive relief, monetary damages and a declaratory judgment.

## II. *Discussion*

■ In ruling on a motion for a preliminary injunction, this Court must consider whether the plaintiff has established that: 1) he has a substantial likelihood of success on the merits, 2) there exists, absent injunctive relief, a significant risk of irreparable harm, 3) the balance of hardship tilts in his favor, and 4) granting the injunction will not negatively affect the public interest. *TEC Engineering Corp. v. Budget Molders Supply Inc.*, 82 F.3d 542,

544 (1st Cir.1996). The *sine qua non* of a preliminary injunction is the likelihood of success on the merits; the court may deny the motion if the movant does not show that he will probably succeed on his claims. *See Weaver v. Henderson*, 984 F.2d 11, 12 n. 3 (1st Cir.1993).

As a special needs student, the plaintiff is entitled to the benefits provided by The Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, which requires state and local educational agencies who receive federal assistance for the education of children with disabilities to establish particular procedural safeguards with the respect to the provision of a "free appropriate public education" for those children.

IDEA contains detailed procedural safeguards to guarantee children with disabilities an appropriate education. *See* 20 U.S.C. § 1415. States are required to provide parents the "opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the [disabled] child . . . ." 20 U.S.C. § 1415(b)(6). Further, parents with a complaint are entitled to an impartial due process hearing under 20 U.S.C. § 1415(f)(1).

■ IDEA requires recourse to the requisite due process hearing when plaintiffs seek relief that is available under IDEA, even if they bring suit pursuant to a different statute. *See* 20 U.S.C. § 1415(*l*); *Weber v. Cranston School Committee*, 212 F.3d 41 (1st Cir.2000) (mother who sued school committee pursuant to 42 U.S.C. §§ 1983 and 1985, the First, Fourth, and Fourteenth Amendment, The Americans with Disabilities Act, the Rehabilitation Act and IDEA was required to exhaust administrative remedies under IDEA before bringing suit in federal court).

Some Circuit Courts of Appeals have held that exhaustion of the administrative

30 days, indicating that Michael did not attend school after April 14.

remedy under IDEA is not required where the plaintiff seeks monetary damages because such relief is not available under the statute. *Id.* at —— n. 13, citing *W.B. v. Matula,* 67 F.3d 484, 494, 496 (3rd Cir. 1995); *Witte v. Clark County School Dist.,* 197 F.3d 1271, 1275 (9th Cir.1999); *Charlie F. v. Board of Educ. of Skokie Sch. Dist. 68,* 98 F.3d 989, 991 (7th Cir.1996). In the pending motions for preliminary injunction, the parties are seeking equitable relief, not monetary damages.

█ Thus, because the relief sought by both parties is available under the provisions of IDEA, the exhaustion of remedies requirement applies and they must first seek their requested relief in an administrative proceeding provided for under that statute. Nevertheless, this Court retains jurisdiction over the case to the extent that the plaintiff ultimately seeks monetary damages.

Although it appears on the record now before this Court that the plaintiff has not been afforded due process with respect to his suspension, this Court declines to consider further the likelihood of either party's success on the merits or the other prerequisites for injunctive relief before the parties have exhausted their administrative remedies.

█ Michael's parents are entitled to receive an expedited hearing with the Bureau of Special Education Appeals under 20 U.S.C. § 1415(k)(6)(A)(ii). *See also* 20 U.S.C. §§ 1415(f), 1415(k) and 603 CMR § 28.400. Requiring Michael to exhaust his administrative remedies under IDEA does not violate his right to equal protection under the Fourteenth Amendment to the United States Constitution because expelled students who are not covered by IDEA must also exhaust their administrative remedies under the State Administrative Procedure Act. *See Flaherty v. Conners,* 319 F.Supp. 1284 (D.Mass.1970).

## ORDER

For the foregoing reasons, plaintiff's motion for a preliminary injunction (Dock-et No. 2) and defendants' cross-motion for a preliminary injunction (Docket No. 15) are hereby DENIED.

**So ordered.**